UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>   v.<br><br>TAKEYTA WEST,<br><br>                Defendant. | CASE NO. CR06-373-TSZ<br><br>DETENTION ORDER |

Offenses charged:

    Five violations of Supervised Release

Date of Hearing: 10/01/12

    The court today conducted an initial appearance and detention hearing on alleged violations of supervised release. Based upon the factual findings and statement of reasons for detention hereafter set forth, the court finds that defendant did not meet her burden of showing, by clear and convincing evidence, that if released she would make her further appearances as required and would not be a danger to any other person or the community.

DETENTION ORDER - 1
18 U.S.C. § 3142(i)

FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

(1)  Defendant's term of supervised release began on May 16, 2008.  Between then and the summer of this year, she had only two relatively minor violations, but generally remained in contact with, and was responsive to, her probation officer.  Her conduct in that respect changed significantly, however, after March 30, 2012.

(2)  She is now charged with five violations, including failure to make restitution payments, failure to report to the probation office as required on three different dates, failure to submit to urinalysis testing as required, and failing to submit monthly reports for four different months.  Defendant contests these charges.

(3) If the violations in fact occurred, the explanation for the deterioration in defendant's compliance is not clear to the court.

(4) More importantly for current purposes, the charges, as supported by the showing by the probation office, make it impossible for defendant to meet her burden of showing, by clear and convincing evidence, that she will make her further appearances as required.

It is therefore ORDERED:

(1) Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which defendant is

DETENTION ORDER - 2
18 U.S.C. § 3142(i)

confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The clerk shall direct copies of this order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 1st day of October, 2012.

                         s/ John L. Weinberg
                        United States Magistrate Judge

DETENTION ORDER - 3
18 U.S.C. § 3142(i)